**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**TERESA BROWN,**

      **Plaintiff,**

vs.                                            **No. CIV 05-1332 RB/KBM**

**WAL-MART STORES, INC. and**
**JOHN DOE (Assistant Manager of**
**Wal-Mart Store #549),**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's ("Brown's") Motion for a Jury Trial (Doc. 16), filed on June 1, 2006. Jurisdiction is based on 28 U.S.C. § 1332. Having reviewed the submissions of the parties, and being otherwise fully advised, I find that this motion should be granted.

**I. Background.**

On November 14, 2005, Brown filed a Complaint to Recover Damages for Discriminatory Employment Practices in the First Judicial District Court, County of Santa Fe, State of New Mexico. Brown, represented at that time by attorney Kevin J. Hanratty, alleged that she was terminated from her employment in violation of the New Mexico Human Rights Act, N. M. Stat. Ann. § 28-1-1 through 28-1-14 (2004 Michie). The Complaint did not contain a jury demand.

On December 21, 2005, Defendants[1] removed the case to this court, pursuant to 28 U.S.C. §§ 1441(a) and 1446, asserting subject matter jurisdiction based upon diversity of citizenship. 28

---

[1] In her reply, Brown states that she intends to dismiss Defendant "John Doe" as part of a motion to amend the complaint in the near future.

U.S.C. § 1332.  Defendants answered on December 21, 2005.

Mr. Hanratty was permitted to withdraw on February 27, 2006.  Attorney Jane Gagne entered her appearance for Brown on May 22, 2006.  Ms. Gagne filed the motion for a jury trial on June 1, 2006.  Defendants oppose the motion.

**II.  Discussion.**

Rule 38(b) requires that a demand for jury trial of any issue be served within ten days after service of the "last pleading directed to such issue."  Fed. R. Civ. P. 38(b).  A party's failure to serve and file a jury demand, as required by the rule, results in that party's waiver of trial by jury.  Fed. R. Civ. P. 38(d).  Because Brown did not file a timely jury demand, she is not entitled to a jury trial under Rule 38.  Indeed, Brown acknowledges as much in her motion and requests that I exercise my discretion and grant her a jury trial under Fed. R. Civ. P. 39(b).

Under Rule 39(b), the Court has authority, upon motion, to grant a jury trial even where the demand is untimely, or where there is no demand at all.  FED. R. CIV. P. 39(b).  Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court, in its discretion and upon motion, may order a trial by a jury of any or all issues."  *Id*.  Brown requests that the court exercise its discretion and grant her a jury trial.

My discretion under Rule 39(b) is broad.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir.1980).  The Tenth Circuit has stated that "absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial."  *Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir.1992).  However, it is not an abuse of discretion to deny relief when the failure to make a timely

2

jury demand results from nothing more than the mere inadvertence of the requesting party. *Id*.

Defendants state that they will be prejudiced because discovery is underway. However, discovery did not commence in earnest until after the Rule 16 conference on May 24, 2006. The motion was filed on June 1, 2006. The Initial Pretrial Report was filed and the notice of trial setting was issued on June 8, 2006. Discovery does not terminate until November 22, 2006. Trial is set for June 11, 2007, more than a year after the motion for jury trial was filed. Any prejudice to Defendants is mitigated because the discovery deadline is four months away and the trial is over ten months away.

Additional factors weigh in favor of Brown's motion. Ms. Gagne did not represent Brown when the jury demand was due. Brown was without representation for almost three months after Mr. Hanratty withdrew. Ms. Gagne entered her appearance on May 22, 2006, and filed the motion ten days later. Allowing a jury trial will not prejudice Defendants or delay this matter. Because there are no strong and compelling reasons to the contrary, I will exercise my discretion under Rule 39(b) and grant Brown a jury trial.

**WHEREFORE,**

**IT IS ORDERED** that Brown's Motion for a Jury Trial (Doc. 16), filed on June 1, 2006, is **GRANTED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**